JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hector Alicea III

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wesley Cornish, Cornerstone Legal Group 230 S Broad St, 17th FL Philadelphia, PA 19102 P:888-313-1385

## DEFENDANTS
Police Officer Rogalski

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | [x] 440 Other Civil Rights / Habeas Corpus: | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty Other: | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, 20 U.S.C. § 1681

Brief description of cause:
Deprivation of Federal Civil Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: March 28, 2023
SIGNATURE OF ATTORNEY OF RECORD: */s/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2031 East Monmouth Street Philadelphia, PA 19134__

Address of Defendant: __1515 Arch Street, 14th Floor Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/28/2023__   _/s/ signature_  Must sign here   __310865__
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __D. Wesley Cornish__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __03/28/2023__   _/s/ signature_  Sign here if applicable   __310865__
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

| | | |
|---|---|---|
| **Hector Alicea III, Plaintiff,** | : | **United States District Court** |
| vs. | : | **Eastern District of Pennsylvania** |
| | : | **Civil Division – Civil Rights** |
| **Police Officer Rogalski, Defendant.** | : | **Case No.:** _____ |

## COMPLAINT

1. Plaintiff Hector Alicea III ("Alicea III") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Hector Alicea III**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania and the City of Philadelphia.

## DEFENDANTS

6. Defendant is **Police Officer Rogalski**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

7. At all relevant times, the Defendants acted under the color of law as a municipality supervising municipally employed police officers while on duty.

8. On or about March 29, 2021, Defendant Rogalski who was employed as a Philadelphia Police Officer and acting under the color of law when he encountered the Plaintiff.

9. Defendant claims he was attempting to arrest another individual when Plaintiff, shouldered him, causing Defendant to be knocked down to the ground.

10. Plaintiff was arrested by the Defendant and other law enforcement agents.

11. Plaintiff's takedown and arrest was very rough and involved excessive force causing Plaintiff injury.

12. Plaintiff never physically resisted any officer commands, directions, or orders.

13. Plaintiff was searched and Defendant Rogalski claims illegal narcotics were recovered.

14. Plaintiff was charged with aggravated assault on a protected person[1], possession of a controlled substance[2], recklessly endangering another person[3], obstructing justice[4], and hindering apprehension[5].

15. Plaintiff was arrested and had bail set pending his trial.

16. On October 4, 2021, the Honorable Judge Karen Simmons dismissed all charges against the Plaintiff.

17. Plaintiff denies ever having "shouldered" the Defendant.

18. Plaintiff denies every possessing illegal narcotics.

## PLAINTIFF'S INJURIES

19. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

20. Due to the Defendants actions Plaintiff suffered the following injuries:

    a. Physical discomfort from being arrested;

    b. A loss of enjoyment and quality of life due to the Defendants actions in injuring him which caused physical and psychological injuries;

---

[1] 18 Pa.C.S.A. §2705
[2] 35 Pa.C.S.A. 780-113(a)(16)
[3] 18 Pa.C.S.A. §2705
[4] 18 Pa.C.S.A. §5101
[5] 18 Pa.C.S.A. §5105

    c. A loss of employment/business opportunities, in particular his job with FedEx due to the Defendants actions injuring him;

    d. Loss of opportunities to continue his education and training:

    e. Inconvenience, embarrassment, shame, and anxiety from Plaintiff's arrest and prosecution;

    f. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## COUNT 1 – FALSE IMPRISONMENT & FALSE ARREST

21. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

22. Plaintiff avers they were searched and seized within the meaning of the United States Constitution's 4th Amendment as applied to the states via the 14th Amendment by the Defendants, during this incident.

23. Plaintiff avers his initial detention and arrest were illegal as it was not based on probable cause he was committing a crime as Plaintiff was within his fixed place of business.

24. Plaintiff avers his continued detention, after his arrest and the forwarding of criminal charges constituted a false imprisonment, as this was directly linked to his arrest, where no probable cause existed.

25. Plaintiff avers his seizure and resultant arrest by Defendants was illegal and improper because the Defendant knowingly lacked a reasonable suspicion, and/or probable cause to believe he was committing a criminal offense.

26. Plaintiff avers the police lacked probable cause to arrest them and they were falsely imprisoned pursuant to their arrests pursuant to the 4th Amendment of the United States Constitution against unjust seizures.

27. Plaintiff avers but for the Defendants' actions, he otherwise would not have been subjected to a search, seizure, arrest, and prosecution pursuant to the 4th Amendment of the United States Constitution.

28. The Defendant directly, foreseeably, legally, and proximately caused Plaintiffs to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following

damages: Physical Injuries including pain and suffering, Public shame and embarrassment, Past and future costs for medical treatment and care, Loss of enjoyment of freedom, Loss of employment/educational opportunities and wages, Loss of wages, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 2 – MALICIOUS PROSECUTION

29. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

30. Plaintiff avers the Defendant initiated criminal proceedings in the underlying criminal case, against him via arrest, filing a criminal complaint, processing him, and consulting the District Attorney's Office about further charging him.

31. Plaintiff avers the Defendant lacked probable cause, as articulated in the United States Constitution's 4th Amendment and applied to the states via the 14th Amendment, to stop, search, and detain Plaintiffs when they first encountered him, and lacked probable cause to arrest and because the Defendants arrested him, his resulting imprisonment was unjust, illegal, and was the direct and causal reason he was incarcerated.

32. Plaintiff's criminal charges terminated in his favor when all charges were dismissed.

33. Plaintiff avers the Defendants acted maliciously or for a purpose other than bringing him to justice, as Plaintiff was not committing a crime when he first encountered the Defendant.

34. Plaintiff avers because of this criminal proceeding; he suffered a significant deprivation of liberty and freedom spending time in pre-trial incarceration.

35. Further, Plaintiff avers Defendants obscured the District Attorney's Office from making an independent judgment about the merits of prosecution as these Defendants failed to provide materially honest evidence and statements regarding Plaintiffs, the evidence observed, and recovered.

36. Plaintiff avers but for the Defendants filing a criminal complaint based on a gross misapplication of clearly stated law, and/or fabricated/non-existent evidence, he would never have had a criminal case initiated against him.

37. The Defendants directly, foreseeably, legally, and proximately caused Plaintiffs to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Physical injuries including pain and suffering, Public shame and embarrassment, Loss of enjoyment of life, Loss of enjoyment of freedom, Loss of employment/educational opportunities and wages, and Past and future pain and suffering, extreme inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 3 – EXCESSIVE FORCE

38. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

39. Plaintiff claims the Defendant used more force than was necessary and injured him during his arrest.

40. Plaintiff at no time was physically resisting any of law enforcement agents' commands.

41. As a result of Defendant's actions he was injured by the amount of force exerted.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, direct, indirect and all other

damages legally allowable via law, in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## PUNITIVE DAMAGES REQUEST

42. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

43. Defendants actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiff's rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by carrying a legally purchased and owned weapon while working at his fixed place of business, and when asked told the police the same and was still imprisoned.

**WHEREFORE**, Plaintiffs demand exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

44. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

45. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF ALICEA III**
*DATE*: March 28, 2023

| | | |
|---|---|---|
| Hector Alicea III, Plaintiff, | : | United States District Court |
| vs. | : | Eastern District of Pennsylvania |
| | : | Civil Division – Civil Rights |
| Police Officer Rogalski, Defendant. | : | Case No.: _____ |

## VERIFICATION

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification to authorities and/or the tribunal.

Respectfully Submitted,

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF ALICEA III**
*DATE*: March 28, 2023